UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re                                              Bankruptcy Case No. 10-23016
    EDUARDO GALAN,                           Chapter 7

                           Debtor.
_____

    MARK J. SCHLANT,                             Adversary Proceeding
    Chapter 7 Trustee,                               Case No. 14-02012

                           Plaintiff,

       vs.

    EDUARDO GALAN,
                           Defendant.
_____

    WILLIAM K. HARRINGTON,                       Adversary Proceeding
    United States Trustee,                           Case No. 14-02017

                           Plaintiff,

       vs.

    EDUARDO GALAN,
                           Defendant.
_____

**DECISION AND ORDER
GRANTING THE MOTION FOR ENTRY OF DEFAULT JUDGMENT
BY THE CHAPTER 7 TRUSTEE
AND REVOKING THE DEBTOR'S DISCHARGE
PURSUANT TO 11 U.S.C. § 727**

      Before the Court are separate motions, by the Chapter 7 Trustee and the United States Trustee, requesting entry of default judgment pursuant to Rule 55(b) FRCP and Rule 7055 FRBP, in each of the above adversary proceedings. The substitute Chapter 7 Trustee, Mark J.

Schlant ("Chapter 7 Trustee") commenced an adversary proceeding against the Debtor—Defendant, Eduardo Galan ("Galan") on August 29, 2014 (ECF AP 14-02012 Nos. 5, 6).[1] The United States Trustee, William K. Harrington ("UST"), subsequently commenced an adversary proceeding against Galan on October 14, 2014 (ECF AP 14-02017 Nos. 6, 10). Each adversary proceeding seeks revocation of Galan's discharge, pursuant to 11 U.S.C. § 727(d)(2), because of (1) Galan's failure to report, as property of the bankruptcy Estate, the post-petition entitlement to or acquisition of fire insurance proceeds with respect to Estate property located at 27 Potomac Street, Rochester, New York ("Potomac Property"), and (2) Galan's failure to voluntarily disclose both the post-petition transfer of the Potomac Property to a third party and the failure to report sale proceeds resulting from the transfer, in violation of 11 U.S.C. § 727(a)(2)(B). Additionally, each adversary proceeding seeks revocation of Galan's discharge, pursuant to 11 U.S.C. § 727(d)(3) and (a)(6), based on Galan's failure to obey an August 26, 2013 Order of this Court requiring Galan to produce documents specified in the Chapter 7 Trustee's earlier motion requesting a Rule 2004 FRBP examination.

On November 25, 2014, Galan filed an untimely response—in the form of a letter dated November 19, 2014—to the UST's complaint (ECF AP 14-02017 No. 8). The UST subsequently filed a motion for default judgment on December 4, 2014, requesting the Clerk's entry of default and arguing that Galan's letter was untimely and did not constitute an answer to the UST's complaint (ECF AP 14-02017 No. 11). The Chapter 7 Trustee filed an affidavit in support of a request for entry of default by the Clerk of Court, together with a motion for entry of

---

[1] References to the docket for the separate adversary proceedings are identified as "ECF AP [Case No.] No." References to the docket for the bankruptcy case are identified as "ECF BK No."

a default judgment by the Court, on December 5, 2014, asserting that Galan had failed to answer or otherwise respond to the Chapter 7 Trustee's summons, served two months prior (ECF AP 14-02012 No. 7). On December 10, 2014, Galan filed identical letters in each adversary proceeding—dated December 5, 2014—addressing the allegations in both complaints and responding to the pending motions for entry of default judgment (ECF AP 14-02012 No. 10; ECF AP 14-02017 No. 14).

The separate motions for default judgment by the Chapter 7 Trustee and the UST seek the same relief—entry of default judgment revoking Galan's Chapter 7 discharge—arising out of the same series of transactions or events.[2] Because the grant of the relief sought by the Chapter 7 Trustee will necessarily render the UST's motion superfluous, the Court will turn its attention to the Chapter 7 Trustee's motion for default judgment, as it presents the most procedurally sound basis upon which to grant judgment in favor of the Chapter 7 Trustee. *See infra* Part III. Based on the written submissions of all parties, the oral arguments made by the parties, and the testimony of Galan at the December 18, 2014 hearing on the motions, the Chapter 7 Trustee's motion for default judgment under Rule 55(b) FRCP is **GRANTED**. Galan's Chapter 7 discharge is, therefore, **REVOKED**, pursuant to 11 U.S.C. § 727(d)(2). The UST's motion is rendered **MOOT**.[3]

---

[2] For ease of reference, the Court will refer only to the Chapter 7 Trustee's amended motion (ECF AP 14-02012 No. 6), and the UST's amended motion (ECF AP 14-02017 No. 10).

[3] Revocation of Galan's discharge will be noted on the docket in the UST's adversary proceeding and will also be noted on the docket in the adversary proceeding titled *Pietrantoni v. Galan*, AP No. 12-02013 (Bankr. W.D.N.Y. 2012), thereby resolving those adversary proceedings by implication.

# I.

# JURISDICTION

The Court has jurisdiction to hear the motions pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b). The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

# II.

# FACTS

Galan filed a voluntary petition for Chapter 7 relief on December 22, 2010 (ECF BK No. 1). On Schedule A, Galan listed the Potomac Property, valuing his interest at $28,400.00 (ECF BK No. 1, Schedule A). On Schedule D, Galan listed a secured claim on the Potomac Property in the amount of $41,550.31 (ECF BK No. 1, Schedule D). Galan's § 341 Meeting of Creditors was held on May 11, 2011, (ECF BK No. 45), and on June 3, 2011, Galan received his Chapter 7 discharge (ECF BK No. 48). However, Galan's bankruptcy case remains open because the Chapter 7 Trustee is administering assets and several adversary proceedings are pending resolution.

Following entry of Galan's Chapter 7 discharge, the original Chapter 7 Trustee, C. Bruce Lawrence, filed a statement indicating his intention to abandon the Potomac Property, dated December 30, 2011 (ECF BK No. 103). On March 13, 2014, Mark Schlant was appointed as the successor Chapter 7 Trustee (ECF BK No. 193). Thereafter, the Chapter 7 Trustee discovered that between the date of the filing of Galan's bankruptcy petition and the date of his discharge, the Potomac Property was damaged by a fire, resulting in a casualty insurance claim that Galan made with the insurer but failed to disclose to the Chapter 7 Trustee (ECF AP 14-02012 No. 1 at

4

¶¶ 13-14). The Chapter 7 Trustee also discovered that on December 7, 2011, *three weeks prior to the filing of the original Trustee's statement of his intent to abandon*, Galan had transferred the Potomac Property to a third party in exchange for $5,000—while his bankruptcy case was pending (ECF AP 14-02012 No. 1 at ¶ 15; No. 6, Exhibit C). Galan did not notify the former Chapter 7 Trustee that a third party purchaser for the Potomac Property existed, and Galan did not seek Court approval of the sale of the Potomac Property (ECF AP 14-02012 No. 1 at ¶¶ 16-17).

The Chapter 7 Trustee filed a complaint commencing an adversary proceeding against Galan on August 29, 2014 (ECF BK No. 242; ECF AP 14-02012, No. 1). As a first cause of action, the Chapter 7 Trustee alleges that Galan knowingly and fraudulently—or acting so recklessly that his actions constituted fraud—transferred the Potomac Property, collected and retained consideration paid to him in exchange for the transfer, failed to report the transfer of the Potomac Property to the Court or the Trustee, and failed to report the existence of fire insurance proceeds resulting from a claim made by Galan to the insurer for damages caused by a post-petition fire loss to the Potomac Property (ECF AP 14-02012, No. 1 at ¶ 23). The Chapter 7 Trustee seeks revocation of Galan's discharge pursuant to 11 U.S.C. § 727(d)(2) (*Id.* at ¶ 24). As a second cause of action, the Chapter 7 Trustee alleges that revocation of Galan's discharge is appropriate under 11 U.S.C. § 727(d)(3) because Galan failed to turn over documents in violation of this Court's Order of August 26, 2013 (*Id.* at ¶¶ 33, 39).

Pursuant to Rule 7012(a) FRBP, the time for Galan to answer or otherwise respond to the Chapter 7 Trustee's complaint expired on October 9, 2014.[4] Galan did not file any answer or

---

[4] The Chapter 7 Trustee served a summons and complaint on Galan on September 9, 2014 (ECF AP 14-02012 Nos. 3-4). Galan's answer was due by October 9, 2014.

other response to the Chapter 7 Trustee's summons and complaint, except for a letter filed on December 10, 2014, two months after his time to answer expired (ECF AP 14-02012 No. 10). The letter contained both substantive admissions and denials of the allegations in the Chapter 7 Trustee's complaint (*Id.*). Although the UST's motion is not the subject of this decision, the Court notes that the time to answer or otherwise respond to the UST's complaint expired on November 14, 2014.[5] Galan filed a letter responding to the UST's complaint on November 25, 2014—eleven days after the time to answer expired (ECF AP 14-02017 No. 8). Galan also filed a letter on December 10, 2014 in the UST's case—identical to his December 10, 2014 letter in the Chapter 7 Trustee's case—which contained both substantive admissions and denials of the UST's allegations (ECF AP 14-02017 No. 14).

Reading together Galan's November response to the UST's complaint and his December letter filed in each adversary proceeding, Galan admits that he transferred the Potomac Property in December of 2011—post-petition and while his bankruptcy case was pending—but attempts to excuse his conduct by contending that at that time, there was no equity in the Potomac Property (ECF AP 14-02012 No. 10; ECF AP 14-02017 No. 14). As support for the claim that the Potomac Property had no equity, Galan points to the original Chapter 7 Trustee's statement of intent to abandon the Potomac Property, filed on December 30, 2011, several weeks after the undisclosed transfer by Galan (ECF BK No. 103; ECF 14-02017 No. 8). Curiously, despite his claim that the Potomac Property had no value, Galan admits that he received approximately $5,000 from the transferee in connection with the undisclosed post-petition transfer of the Potomac Property, paid to him over three months (ECF AP 14-02012 No. 10 at 2; ECF AP 14-

---

[5] The UST served a summons and complaint on Galan on October 15, 2014 (ECF AP 14-02017 Nos. 4-5). Galan's answer was due on November 14, 2014.

02017 No. 14 at 2). Galan simply states that he was not aware he needed to ask the Trustee's permission to sell the Potomac Property and that "I . . . did not know that I was to report the $5000.00 [the transferee] paid me" (ECF AP 14-02012 No. 10 at 2; ECF AP 14-02017 No. 14 at 2, No. 8). As to the insurance proceeds, Galan states that "there was a fire at the property and as there was no equity, the first mortgage holder received whatever was paid out" (ECF AP 14-02012 No. 10 at 2; ECF AP 14-02017 No. 14 at 2). As to the production of documents in connection with the Chapter 7 trustee's Rule 2004 examination, Galan indicates that he failed to produce all of the required documents because these records were "in the possession of the FBI" due to a criminal case pending in federal court (ECF AP 14-02017 No. 8).

On December 5, 2014, the Chapter 7 Trustee filed a motion requesting entry of default judgment by the Court under Rule 55(b) FRCP (ECF AP 14-02012, No. 6) and simultaneously submitted an affidavit in support of his request for entry of default by the Clerk under Rule 55(a) FRCP (ECF AP 14-02012, No. 7). The Chapter 7 Trustee's affidavit submits that entry of default by the Clerk is appropriate because Galan failed to answer or otherwise respond to the Trustee's complaint, and the time to respond expired on October 9, 2014 (ECF AP 14-02012 No. 7). Despite the failure by Galan to answer or otherwise appear in defense of the Chapter 7 Trustee's action, the Clerk of Court did not enter the fact of Galan's default on the docket in the Chapter 7 Trustee's case. The Chapter 7 Trustee's motion for entry of default judgment similarly argues that the Court should enter default judgment based on Galan's unexcused failure to answer (ECF AP 14-02012 No. 6 at ¶¶ 8-9).

On December 18, 2014, the Court held a lengthy hearing focused primarily on the Chapter 7 Trustee's motion for default judgment, at which the Chapter 7 Trustee, the UST, and

7

Case 2-14-02012-PRW    Doc 14    Filed 12/23/14    Entered 12/23/14 16:42:37    Desc Main
Document    Page 7 of 18

Galan appeared.[6] Galan appeared *pro se* and agreed to offer testimony under oath at the hearing. The Court administered the oath to Galan, who then testified on the record concerning the issues before the Court. Galan testified that on December 17, 2010—days before filing his bankruptcy petition—he entered into a contract with a third party to transfer the Potomac Property for $5,000. He candidly admitted that he failed to list the contract in his December 22, 2010 bankruptcy petition but attempted to blame the attorney who prepared the petition, Lance J. Mark ("Mark"). Galan testified that he merely "glanced at" the petition before it was filed, and he did not read it in full.

Galan further testified that he signed a deed transferring the Potomac Property in December of 2011—a year after entering into the land sale contract and while his bankruptcy was pending—and admitted to having received $1,995 of the agreed-upon $5,000 sale price. He could not recall whether he informed Mark about the transaction. Galan admitted that he did not disclose the transfer of title to the Potomac Property or the receipt of the sale proceeds to the Chapter 7 Trustee or the Court. Galan testified that he did not know he was required to disclose the land sale contract, or to seek Court approval for the transfer of title to Estate property, or to disclose the receipt of sale proceeds from that Estate property sale—suggesting at various points in the hearing that his attorney may have been at fault. Galan could not recall the standard

---

[6] Carlos J. Cuevas ("Cuevas"), counsel to the plaintiffs in a related adversary proceeding, *Pietrantoni v. Galan,* AP No. 12-02013 (Bankr. W.D.N.Y. 2012), also appeared at the hearing. Overruling Galan's objection to Cuevas's participation in the hearing, the Court permitted Cuevas to make argument in support of the Chapter 7 Trustee's motion seeking entry of a default judgment revoking Galan's discharge, because the *Pietrantoni* adversary proceeding also seeks revocation of Galan's discharge. Notably, the plaintiffs in *Pietrantoni* allege that Galan solicited and fraudulently mishandled investments of over fifty individuals—and failed to list any of these individuals as creditors in his bankruptcy petition (ECF AP 14-02012 No. 1 at ¶ 28). The Trustee's investigation of these allegations led to the discovery that Galan also had interests in several other business entities and properties, as well as many personal liabilities, which were not disclosed in his schedules (*Id.*).

8

warnings he would have been given by the Trustee at the § 341 meetings regarding the need to disclose all assets and the prohibition against post-petition transfers of any interest in Estate property.

Galan testified that he filed an insurance claim with an adjuster because of post-petition fire damage to the Potomac Property, but claimed that he never received the insurance proceeds directly. According to Galan, the post-petition insurance proceeds were sent directly by the insurance company to pay off a $41,000 first mortgage on the Potomac Property. Galan persisted in contending that the Potomac Property had no equity, but then admitted that because the fire insurance proceeds paid off the first mortgage in full, the Potomac Property was free and clear of the mortgage lien at the time of transfer. Galan agreed that the Chapter 7 Trustee lost the opportunity to attempt to sell the Potomac Property. Oddly, while Galan insisted that the Potomac Property had no equity, he admitted that it was worth at least $30,000 at the time of the undisclosed post-petition transfer of title.

Galan's testimony confirmed that he is not unsophisticated or inexperienced concerning business and real estate. Galan's testified that he regularly prepares insurance claims and tax returns for clients and that he has been in the business of selling and managing real estate. Galan testified that he was a very experienced and sophisticated businessman. However, Galan testified that he had not been involved in any bankruptcy proceedings prior to his own and he was simply not aware that he had a duty to obtain permission to make post-petition transfers of Estate property or to disclose the receipt of proceeds from the sale of Estate property.

Galan's testimony concerning his claimed lack of experience in bankruptcy proceedings was rebutted by attorney Cuevas at the hearing, by calling the Court's attention to an adversary proceeding filed by Galan with this Court in 2009. According to the Court's docket, Galan was

9

the plaintiff in an adversary proceeding seeking nondischargeability determination as to a debt, incurred in connection with the purchase of an aircraft, owed to Galan by a Chapter 7 debtor.[7] *See Galan v. Merritt*, AP No. 09-02104 (Bankr. W.D.N.Y. 2009). The Court notes that Galan was also the plaintiff in an adversary proceeding in this Court, seeking revocation of a debtor's discharge under 11 U.S.C. § 727. *See Galan v. Cardon*, AP No. 03-02028 (Bankr. W.D.N.Y. 2003). Additionally, Galan was the defendant in an adversary proceeding in this Court by a Chapter 7 Trustee seeking to avoid a lien Galan claimed against a debtor's Audi. *See Morin v. Galan*, AP No 00-02141 (Bankr. W.D.N.Y. 2000). Galan's years of experience in the business of selling and taking security interests in both real and personal property—including an aircraft—and his prior experience as a litigant in this Court provide a stark contrast to his claimed lack of experience and claimed innocent belief that he could sell Estate property post-petition, without disclosure or Court authorization.

In an attempt to excuse his failure to answer the Chapter 7 Trustee's complaint, Galan claimed that he was not aware of the adversary proceeding because he did not regularly pick up his mail. However, Galan admitted that the address used by the Chapter 7 Trustee was his proper mailing address and that he received other mail there.

The Chapter 7 Trustee maintained that Galan's failure to answer or otherwise respond to the summons and complaint mandated the entry of default by the Clerk of Court on December 5, 2014, pursuant to Rule 55(a) FRCP. The Chapter 7 Trustee further argued (1) that Galan failed to demonstrate—or even claim—that he had an excuse for his failure to answer, (2) that Galan

---

[7] Because docket sheets are a matter of public record, the Court can properly take judicial notice of this fact offered outside of the pleadings. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

could not assert a meritorious defense because he admitted to the undisclosed and unauthorized post-petition transfer of Estate property, and (3) that Galan's actions demonstrated fraudulent intent under 11 U.S.C. § 727(d)(2) or a reckless disregard for his duties as a Chapter 7 debtor, entitling the Chapter 7 Trustee to entry of a default judgment revoking Galan's discharge.

## III.
## CONCLUSIONS OF LAW

A.  **Entry of Default Under Rule 55(a) FRCP**

The Chapter 7 Trustee seeks entry of default judgment against Galan. Rule 55 FRCP and Rule 7055 FRBP establish a two-step process for the Court's entry of default judgment against a defendant. *Livecchi v. Gordon & Schall, LLP*, No. 14-CV-6279-CJS (W.D.N.Y. Sept. 8, 2014) (Siragusa, J.); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the plaintiff must obtain the Clerk's entry of default pursuant to Rule 55(a) FRCP, which provides:

> (a) *Entering a Default*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added). After obtaining the entry of default from the Clerk of Court, the plaintiff may then seek a judgment by default from the Court pursuant to Rule 55(b) FRCP. *Green*, 420 F.3d at 104.

"The first step, entry of a default formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Provided the request for entry of default complies with the procedural requirements of Rule 55(a) FRCP, "the Rule's mandatory language vests no discretion in the district court clerk regarding whether a default can be

11

entered." *Silverman v. RTV Commc'ns Grp., Inc.*, No. 96 Civ. 7872(JFK), 2002 U.S. Dist. LEXIS 5288, at *20 (S.D.N.Y. Mar. 28, 2002). The Rochester Division of the District Court for the Western District of New York has made clear that a party must request and obtain the Clerk's entry of default under Rule 55(a) as a mandatory procedural prerequisite to the Court's entry of default judgment under Rule 55(b). *Livecchi*, No. 14-CV-6279-CJS at 1; *Perkins v. Napoli*, No. 08-CV-6248, 2010 U.S. Dist. LEXIS 10092 at *3 (W.D.N.Y. Jan. 31, 2010). However, the Second Circuit has held that "a district judge also possesses the inherent power to enter a default" in the exercise of the court's discretion. *Mickalis Pawn Shop, LLC*, 645 F.3d at 128.

Here, the Chapter 7 Trustee did submit the necessary affidavit requesting entry of default by the Clerk under Rule 55(a) FRCP. The Chapter 7 Trustee, as plaintiff, did exactly what Rule 55(a) required of him. As of December 5, 2014—the date on which the Chapter 7 Trustee submitted his affidavit in support of the request for entry of default by the Clerk—Galan had not answered or responded in any fashion to the Chapter 7 Trustee's complaint. According to the plain language of Rule 55(a) FRCP, upon receipt of the Chapter 7 Trustee's affidavit requesting entry of default on December 5, 2014, the Clerk was obligated perform the ministerial act of entering Galan's default on the docket. The Clerk's receipt of Galan's letter five days later did not alter the mandate under Rule 55(a) FRCP. Because the Clerk did not enter Galan's default as required by Rule 55(a), the Court, in the exercise of its discretion, enters Galan's default pursuant to Rule 55(a) FRCP in the Chapter 7 Trustee's adversary proceeding.[8]

---

[8] By comparison, the UST's request for the entry of default on December 4, 2014 did not necessarily mandate that the Clerk of Court enter Galan's default, because Galan may have responded to the UST's complaint by a letter pre-dating the UST's request (ECF 14-02017 No. 8). However, unlike his December letter, Galan's November letter responded exclusively to the UST's adversary proceeding.

12

## B. Default Judgment Under Rule 55(b) FRCP

The second procedural step under Rule 55 FRCP is the Court's entry of default judgment under Rule 55(b) FRCP. Pursuant to Rule 55(b)(2), a party seeking default judgment must apply to the court for entry of judgment when the claim is not for a certain sum, or when the defaulting party has made an appearance in the action. 10 *Collier on Bankruptcy* ¶ 7055.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The entry of default judgment may be made by the Court in its discretion. 10 *Collier on Bankruptcy* ¶ 7055.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Default occurs where a party fails to respond within the time allowed. 10 *Moore's Federal Practice,* § 55.11[2][a] (Matthew Bender 3d ed.). At the time the Chapter 7 Trustee filed his motion for default judgment on December 5, 2014, Galan had wholly failed to answer or otherwise respond to the Chapter 7 Trustee's complaint for the three months that the adversary proceeding had been pending. The Court finds that Galan failed to respond in any fashion to the Chapter 7 Trustee's action within the time allowed, constituting default.

Because of Galan's failure to comply with the procedural requirements of answering the Chapter 7 Trustee's adversary proceeding, the Court must consider several discretionary factors to determine whether Galan's default should be excused. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). In determining whether a default judgment should be entered for cause under Rule 55(b)(2) FRCP, the Court is "guided by the same factors which apply to a motion to set aside entry of a default." *Id.* These factors include (1) whether the default was willful, (2) whether the defendant has a meritorious defense to the plaintiff's claims, and (3) the prejudice the non-defaulting party would suffer as a result of the denial of the

13

motion for default judgment. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 612 (S.D.N.Y. 2012); 10 *Collier on Bankruptcy* ¶ 7005.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "Doubts should be resolved in the non-movant's favor to increase the likelihood that the case may be resolved on the merits." *Sikhs*, 893 F. Supp. 2d at 612.

Galan's failure to timely respond to the Chapter 7 Trustee's complaint is not excused merely because Galan claims not to regularly check his mailbox. The Court had the opportunity to assess Galan's credibility as he testified. The Court finds that Galan's testimony concerning his claim that he does not recall receiving the Chapter 7 Trustee's summons and complaint is not credible because of his admission to having regularly received other mail at the same address. Galan appeared to be evasive in responding to the Court's questions concerning his claimed reason for failing to answer the Chapter 7 Trustee's complaint. Galan did not deny receiving the Chapter 7 Trustee's summons and complaint at some point earlier than his letter filed on December 10, 2014. The Court concludes that based on Galan's testimony and demeanor at the hearing, Galan has no credible excuse for his default in answering.

The Court also finds that Galan's testimony demonstrates that he has no meritorious defense to the Chapter 7 Trustee's adversary proceeding, as required by the second prong of the *Meehan* test. *Meehan*, 652 F.2d at 277. Revocation of a debtor's discharge is permitted pursuant to 11 U.S.C. § 727(d)(2), where a debtor "acquired property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee." The provision is triggered when the debtor is in receipt of or becomes entitled to Estate property, either before or after discharge. 6 *Collier on Bankruptcy* ¶ 727.17[4] (Alan N.

14

Resnick & Henry J. Sommer eds., 16th ed.). The debtor has a duty to report to the trustee any property that he acquires after the filing of his bankruptcy petition. *Id.*

The party seeking revocation of a discharge on the basis of fraud under § 727(d) bears the burden of proving the debtor's knowing or fraudulent intent. *In re Moon*, 385 B.R. 541, 559 (Bankr. S.D.N.Y. 2008). "In the absence of an express admission of fraudulent intent, a trustee can rely on references to circumstantial evidence, including the debtor's conduct and all of the facts and circumstances of the case, and *a pattern of reckless indifference or disregard for the truth can support an inference of fraudulent intent*." *Id.* (emphasis added) (citing *In re Kaiser*, 722 F.2d 1574, 1584 n.4 (2d Cir. 1983) for the proposition that reckless indifference to the truth is equivalent to fraud, and that a pattern of reckless and cavalier disregard for the truth can supply the necessary fraudulent intent under § 727); *In re Puente*, 49 B.R. 966, 969 (Bankr. W.D.N.Y. 1985) ("[Under § 727(d)(2), [t]he debtor's action must have been taken with the knowing intent to defraud the trustee, or be so reckless as to justify a finding that he acted fraudulently." (internal quotation marks omitted)); *see In re Colish*, 289 B.R. 523, 541 (Bankr. E.D.N.Y. 2002) (quoting *In re Puente* for the reckless disregard standard). The requisite intent or recklessness may be proved "by showing that the debtor had access to the omitted information and either knew that failure to disclose it would be seriously misleading or that the debtor acted so recklessly as to imply fraudulent intent." 6 *Collier on Bankruptcy* ¶ 727.17[4] (16th ed. 2014).

Regarding the element of fraudulent intent or recklessness by Galan, the Trustee has met his burden of showing that—at a minimum—Galan engaged in a pattern of recklessness in his dealings with the Potomac Property, sufficient to support a finding of fraudulent intent under 11 U.S.C. § 727(d)(2). Galan does not raise even the shadow of a meritorious defense to the

15

Chapter 7 Trustee's adversary proceeding. In Galan's December 2014 letter to the Court and in his testimony at the December 18, 2014 hearing, Galan admitted (1) that he failed to disclose a pre-petition contract to sell the Potomac Property, (2) that he made an undisclosed post-petition transfer of the Potomac Property without Court permission, (3) that he failed to disclose the receipt of sale proceeds, (4) that he submitted and pursued a post-petition fire insurance claim for the Potomac Property that led to the payment of insurance proceeds sufficient to pay off a first mortgage, and (5) that he failed to disclose the fire insurance claim to the Court or the Chapter 7 Trustee. Galan's actions amount to a cavalier and reckless disregard of his duty to report under 11 U.S.C. § 727(d)(2).

Considering Galan's admitted experience and sophistication in the area of real estate and financial transactions, together with his dubious testimony contending that he did not remember being advised by the Chapter 7 Trustee or his personal attorney of the need to disclose all assets in which he had an interest, and his demonstrated false testimony concerning his experience with bankruptcy nondischargeability litigation prior to his personal Chapter 7 filing, the Court finds that Galan is neither credible nor an honest but mistaken debtor. *See In re Bosket*, 369 B.R. 106, 110 (W.D.N.Y. 2007) (Ninfo, J.) (finding the debtor—"a sophisticated businessman and elected public official"—was not an "honest and unfortunate debtor" and revoking the debtor's discharge pursuant to § 727(d)(1) based on the debtor's transfer of property of the estate for value during the pendency of the bankruptcy proceeding). Galan's testimony and demeanor at the December 18, 2014 hearing, by which Galan feigned ignorance and professed to having

16

made a naïve mistake, leads the Court to conclude that Galan's testimony was not credible concerning his lack of understanding of his duties as a debtor.[9]

Additionally, Galan's repeated refrain that he did not disclose information concerning the Potomac Property because he did not believe there was any equity in the Potomac Property is not supported by the facts. Galan testified that he agreed to transfer the Potomac Property to a third party *for value*—$5,000, of which Galan received at least $1,995. Galan's admission that he actually received proceeds from the sale of the Potomac Property contradicts any notion that he honestly believed there was no equity in the Potomac Property. *See In re Putnam*, 85 B.R. 881, 883-84 (Bankr. M.D. Fla. 1988) (denying revocation of the debtor's discharge based on facts that led the court to believe the debtor honestly believed the inherited asset had no value to the estate, including the conduct of the defendant in waiving his interest to the inheritance and his apparent intent to allow the probate estate to close). Rather, Galan's act of selling the Potomac Property—for value, free and clear of the mortgage that was paid off as a result of the fire insurance claim Galan submitted and also failed to disclose—resulted in the loss of an opportunity for the Chapter 7 Trustee to sell the Potomac Property for the benefit of the Estate. The lost opportunity is exacerbated by the fact that Galan testified that, at the time he sold the Potomac Property for $5,000, he believed it was actually worth $30,000 because the mortgage had been satisfied from the fire insurance proceeds.

---

[9] Although the allegations in *Pietrantoni v. Galan,* AP No. 12-02013 (Bankr. W.D.N.Y. 2012) are not the subject of this decision, it is not lost on the Court that in addition to the omissions alleged by the Chapter 7 Trustee in this adversary proceeding, as many as fifty individuals seek redress from this Court against Galan—in the form of revocation of his discharge—for Galan's failure to list them as creditors in his bankruptcy schedules, as well as his failure to schedule a number of business interests and liabilities.

17

Based on the foregoing, the Court finds that the Chapter 7 Trustee is entitled to entry of a default judgment against Galan. After considering the arguments set out in Galan's December 2014 letter and his testimony at the December 18, 2014 hearing, the Court finds that Galan has demonstrated that he does not have a meritorious defense to the Chapter 7 Trustee's claim that he knowingly, fraudulently, or recklessly failed to report and turn over Estate property. The Court orders that Galan's discharge be revoked, pursuant to 11 U.S.C. § 727(d)(2).

## IV.
## CONCLUSION

The Chapter 7 Trustee's motion for default judgment is **GRANTED**. Galan's Chapter 7 discharge is, therefore, **REVOKED**. The UST's motion is rendered **MOOT**. The Clerk is to note the revocation of Galan's discharge, pursuant to 11 U.S.C. § 727(d)(2), on the docket for the UST's adversary proceeding and on the docket in the adversary proceeding titled *Pietrantoni v. Galan,* AP No. 12-02013 (Bankr. W.D.N.Y. 2012).

IT IS SO ORDERED.

Dated: December 23, 2014 _____/s/_____
     Rochester, New York      HON. PAUL R. WARREN
                                         UNITED STATES BANKRUPTCY JUDGE